LEE M. PERLMAN
ATTORNEY AT LAW
1926 Greentree Road, Suite 100
Cherry Hill, New Jersey 08003
(856) 751-4224
ATTORNEY FOR DEBTORS, FRANK A. AND ANDREA M. FULMER

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

| RE: | CHAPTER 13 |
|---|---|
| FRANK A. AND ANDREA M. FULMER | CASE NO.: 09-41605 JHW |
| Debtors | |
| ANDREA M. FULMER | AP NO.: |
| Plaintiff/Debtor | **ADVERSARY COMPLAINT** |
| vs. | |
| BAYSIDE RECOVER SERVICE | |
| Defendant | |

## I. INTRODUCTION

1.      This is an action for the disallowance of the Defendant's claim, injunctive relief and contempt of court pursuant to 11 U.S.C. § 105, and to recover actual, punitive and compensatory damages, sanctions, attorney fees and costs for the Defendant's willful and negligent actions that constitute invasion of the Plaintiff's privacy.

## II. JURISDICTION AND VENUE

2.      Jurisdiction is conferred on this Court pursuant to the provisions of §1334 of Title 28 of the United Stated Code in that this core proceeding arises in and is related to the above-captioned Chapter 13 case under Title 11 and concerns property of the Debtor and the estate. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

3.      This Court has both personal and subject matter jurisdiction to hear this case pursuant to § 1334 of Title 28 of the United States Code, § 157(b)(2) of Title 28 of the United

States Code.

4. This Court has supplemental jurisdiction to hear all state law claims pursuant to § 1367 of Title 28 of the United States Code.

### III. PARTIES

5. The Plaintiff in this case is a debtor under Chapter 13 of Title 11 of the United States Code in the above entitled Chapter 13 case number, presently pending before this court.

6. The Defendant, Bayside Recovery Service. (hereinafter Bayside) is a corporation or other business entity with a principal office address of 26148 Capital Dr.- Suite K, Daphne, AL 36526-9123.

7. Isabel Balboa is the Standing Chapter 13 Trustee in this case with an address of Cherry Tree Corporate Center, 535 Route 38 - Suite 580 , Cherry Hill, NJ 08002. Although not a party to this action, the Trustee is a party in interest and will receive notice of the adversary proceeding.

### IV. FACTUAL ALLEGATIONS

8. The Plaintiff's Chapter 13 case was commenced by filing a voluntary petition with the Clerk of this Court on November 24, 2010.

9. At that time, the Plaintiff listed Bayside on Schedule F of her Chapter 13 bankruptcy petition as an assignee for Catskill Mountain Ranch and Camping Club. See attached Schedule F as Exhibit "A".

10. On March 30, 2010, Bayside filed a sworn Proof of Claim in the Plaintiff's Chapter 13 case, denoted as Claim # 13-1. The claim was listed as unsecured in the amount of $1,926.00. See Defendant's Proof of Claim as Exhibit "B".

11. Along with the sworn Proof of Claim, the Defendant attached an additional page, which upon information and belief appear to be a contract for the Plaintiff's Catskill Mountain Ranch and Camping Club membership. See attachments to Proof of Claim (with appropriate redactions made by the Plaintiff) as Exhibit "C".

12. The additional page displayed the Plaintiff's Social Security Number without the

proper redaction.

13. The Plaintiff alleges that the Proof of Claim is a public document by which the Defendant has now made her private, sensitive and personal nonpublic information available to the general public.

14. The Plaintiff alleges that the Defendant has revealed sufficient personal and private data to enable an identity thief to hijack the Plaintiff's identity and use it to commit Financial Identity Theft (using another's identity to obtain goods and services), Criminal Identity Theft (posing as another when apprehended for a crime), Identity Cloning (using another's information to assume his or her identity in daily life), Business/Commercial Identity Theft (using another's business name to obtain credit) and Medical Identity Theft (accessing personal medical information for insurance fraud or to obtain medical care or drugs).

15. Protection of individual personal, sensitive and private data by the federal government and the court system is not a new or novel concept. The E-Government Act of 2002, 44 U.S.C. § 3500, et seq., contains provisions governing the privacy of case file information. Federal courts were formally directed by the Committee on Court Administration and Case Management, Judicial Conference of the United States, to immediately conform their local rules and practices to the Act.

16. The Plaintiff alleges that the Defendant is a sophisticated financial creditor with knowledge of the bankruptcy rules and procedure. The Defendant has an obligation to comply with all applicable rules and statutes when filing claims and participating in the bankruptcy process.

17. The Plaintiff further alleges that the Defendant has intentionally communicated and made available to the general public, her personal, sensitive and private data in direct violation of The New Jersey Identity Theft Prevention Act, N.J.S.A. § 56:11-44, the New Jersey statute N.J.S.A. § 56:8-164, the Gramm-Leach-Bliley Act 15 U.S.C. § 6801 *et seq.* and Federal Rule of Bankruptcy Procedure 9037.

## V. COURT RECOGNITION OF PRIVACY CONCERNS

18. "Both Congress and other circuits have discussed the significant privacy concerns

surrounding the dissemination of SSNs. Congress acknowledged those concerns in the Privacy Act of 1974, which barred government agencies from discriminating against individuals that refused to release their SSNs." Privacy Act of 1974, Pub.L. 93-579, § 7, 88 Stat. 1896, 1909 (1974), 365, reprinted in 5 U.S.C. § 552a (1996). The Senate Report supporting adoption of the Act described the universal use of SSNs as identifiers as "one of the most serious manifestations of privacy concerns in the Nation." S. Rep. No. 1183, 93rd Cong., 2d Sess., reprinted in 1974 U.S. Code Cong. & Admin. News 6916, 6943.

Other circuits, relying in part on these Congressional statements, have concluded that the privacy interest in SSNs is significant, and thus public dissemination of information containing SSNs must be monitored scrupulously. See *Crawford*, 194 F.3d at 958-59 (recognizing that "indiscriminate public disclosure of SSNs, especially when accompanied by names and addresses" can implicate informational privacy rights); *Greidinger v. Davis*, 988 F.2d 1344, 1353 (4th Cir.1993) ("[T]he harm that can be inflicted from the disclosure of a social security number to an unscrupulous individual is alarming and potentially financially ruinous."). The Third Circuit in particular has held that redaction of social security numbers is necessary where the requestor failed to demonstrate any public interest in disclosure of the SSNs. *Int'l Bhd. of Elec. Workers Local Union No. 5 v. HUD*, 852 F.2d 87, 89 (3d Cir.1988).

Nevertheless, we recognize that individual citizens have a substantial informational privacy right to limit the disclosure of their SSNs, and consequently reduce the risk that they will be affected by various identity fraud crimes. *Sherman v. U.S. Dept. of Army*, 244 F.3d 357, C.A.5 (Tex.), 2001.

## FIRST CAUSE OF ACTION
## (OBJECTION TO CLAIM)

19. The Plaintiff incorporates herein by reference each and every allegation contained in paragraphs one (1) through eighteen (18) as though set forth herein at length.

20. The Defendant has intentionally revealed the Plaintiff's private and sensitive data and nonpublic information to the general public in violation of Federal Rule of Bankruptcy Procedure 9037.

21. Therefore the Plaintiff asks that the Court direct the Chapter 13 Trustee to strike

the Defendant's claim and preclude them from filing any amended, modified or substitute claim in this case. The Plaintiff also asks the Court to cancel and forever discharge the underlying debt, regardless of whether or not she receives a Discharge Order in this case.

22. The Plaintiff also asks the Court to sanction the Defendant for the intentional revelation of the Plaintiff's private data and sensitive information.

23. Finally the Plaintiff asks that the Court permanently disable the Defendant's claim within the PACER system, or remove the claim so that it is inaccessible to members of the general public.

### SECOND CAUSE OF ACTION
### (VIOLATION OF THE NEW JERSEY IDENTITY THEFT PREVENTION ACT AND NEW JERSEY STATUTE N.J.S.A. 56:8-164)

24. The Plaintiff incorporates herein by reference each and every allegation contained in paragraphs one (1) through twenty-three (23) as though set forth herein at length.

25. The Defendant has intentionally revealed the Plaintiff's private and sensitive data and nonpublic information to the general public in violation of the above New Jersey statutes.

26. N.J.S.A. 56:8-164 prohibits any entity from posting or displaying an individual's social security number or intentionally communicating or disclosing their social security number to the general public.

27. As a result of the above violations, the Defendant is liable to the Plaintiff for statutory, compensatory, and punitive damages as well as attorney fees and costs.

### THIRD CAUSE OF ACTION
### (CONTEMPT OF COURT AND VIOLATION OF FEDERAL RULE OF BANKRUPTCY PROCEDURE 9037 FAILURE TO REDACT NONPUBLIC INFORMATION)

28. The Plaintiff incorporates herein by reference each and every allegation contained in paragraphs one (1) through twenty-seven (27) as though set forth herein at length.

29. On December 1, 2007, the Federal Rule of Bankruptcy Procedure 9037 and Federal Rule of Civil Procedure 5.2 went into effect further strengthening and reinforcing the

Court's local rules and policies.

30. Rule 9037 is titled Privacy Protection for Filings Made with the Court and provides that:

> (a) REDACTED FILINGS. Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer identification number, or birth date, the name of an individual, other than the debtor, known to be and identified as a minor, or a financial-account number, a party or nonparty making the filing may include only:
> (1) the last four digits of the social-security number and taxpayer identification number;
> (2) the year of the individual's birth;
> (3) the minor's initials; and
> (4) the last four digits of the financial-account number.

31. By filing the Plaintiff's private, nonpublic information, the Defendant has violated Rule 9037 putting the Plaintiff at risk and causing damage by making her personal, sensitive information and nonpublic data publicly available.

32. Under 11 U.S.C. § 105, the Court has the inherent ability to enforce the Court's orders, rules, and to prevent an abuse of process.

## FOURTH CAUSE OF ACTION
## VIOLATION OF GRAMM-LEACH-BLILEY ACT
## 15 U.S.C. SUBCHAPTER I §6801-6809

33. The Plaintiff incorporates herein by reference each and every allegation contained in paragraphs one (1) through thirty-two (32) as though set forth herein at length.

34. The Gramm-Leach-Bliley Act was designed to prohibit the disclosure of nonpublic personal information, finding that it is the "policy of Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information. 15 U.S.C. § 6801.

35. A financial institution means any institution the business of which is engaging in financial activities. 15 U.S.C. § 1609(3)(A)

36. The Defendant is in the business of engaging in financial activities by the collection of money owed by various debtors on consumer debt.

37. The Defendant has failed to provide any opt out provision as required by 15 U.S.C. § 6802.

38. The Defendant has disclosed nonpublic personal information by releasing the Plaintiff's Social Security Number, full account number, home address and home telephone number and other personal information in a public forum

39. The Gramm-Leach-Bliley Act sets the appropriate standard of care for the protection, security, and confidentiality of the nonpublic information and private date of the Defendant's customers.

40. As a result of the Defendant's willful, grossly careless and direct violation of the Gramm-Leach-Bliley Act, the Plaintiff has suffered damages, mental anguish and emotional distress and injury.

## FIFTH CAUSE OF ACTION
## INVASION OF PRIVACY AND
## INTENTIONAL OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

41. The Plaintiff incorporates herein by reference each and every allegation contained in paragraphs one (1) through forty (40) as though set forth herein at length.

42. One who gives publicity to a matter concerning the private life of another is subject to liability to the other for invasion of privacy, if the matter publicized is of a kind that (a) would be highly offensive to a reasonable person and (b) is not of a legitimate concern to the public.

43. Social Security Numbers, full account numbers, home addresses and home telephone numbers provide no use and are not a legitimate concern to the public.

44. Defendant intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, by disclosing the Plaintiff's personal nonpublic information.

45. Defendant intentionally and/or negligently caused harm to the Plaintiff's

emotional well-being by engaging in this highly offensive conduct thereby invading and intruding upon the Plaintiffs' right to privacy.

46. The Defendant's gross and careless conduct unlawfully invaded the Plaintiff's personal privacy and proximately caused the Plaintiff to suffer damages.

47. Defendant's conduct was intentional, reckless and willful, and the Plaintiff is entitled to recover exemplary damages in an amount to be set by the trier of fact. Plaintiff also seeks damages for the mental and emotional anguish that has been caused by knowing that the personal identifiers, nonpublic, sensitive information and private data has been made public by the Defendant's wanton actions.

**WHEREFORE**, the Plaintiff prays for the following relief:

A. A finding that the Defendant is in civil contempt for violating the established policies, rules and orders of the Court in establishing privacy standards;

B. An order of injunctive relief to disable the claim number within the PACER system so that it is inaccessible to the general public and/or to permanently remove the claim and its nonpublic information from access by the public;

C. Sanctions, damages, attorney fees and costs against the Defendant for the intentional revelation of the Plaintiff's private data, knowingly exposing her to the risk of identity theft in violation of the standards set by the Gramm-Leach-Bliley Act;

D. Punitive damages to the Plaintiff in order to prevent future conduct of this kind;

E. Compensatory and punitive damages, attorney fees, costs and suit money against the Defendant for the intentional and willful invasion of the Plaintiff's right to privacy;

F. Damages against the Defendant for the intentional or negligent infliction of emotional distress;

G. Attorney's fees and expenses under § 107 and § 105 of the Bankruptcy Code;

H. Direct the Chapter 13 Trustee to strike the Defendant's claim;

I. Prohibit the Defendant from filing any amended, modified or substitute claim;

J. Cancel and void the underlying debt whether or not the Plaintiff receives a Discharge Order in her Chapter 13 case;

K. Such other and further relief as the Court may deem just and proper.

/s/ Lee M. Perlman                                          April 13, 2010
Lee M. Perlman, Esq.                                        DATE
Law Offices of Lee M. Perlman
Attorney for the Plaintiffs
1926 Greentree Rd, Suite 100
Cherry Hill, NJ 08003
(856) 751-4224
Fax (856) 751-4226

Exhibit A

B6F (Official Form 6F) (12/07)

IN RE **Fulmer, Frank A. & Fulmer, Andrea M.**                                              Case No. _____
　　　　　　　　　　　　　　　Debtor(s)　　　　　　　　　　　　　　　　　　　　　　　　　　　　(If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 3717-057341-01004<br>**American Express**<br>3200 Commerce Pkwy<br>Miramar, FL 33025-3907 | | H | 2008;<br>Credit card purchases<br>3499906132533523 | | | | 1,200.00 |
| ACCOUNT NO.<br>**NCO Financial Systems**<br>3850 N Causeway Blvd Ste 350<br>Metairie, LA 70002 | | | Assignee or other notification for:<br>American Express | | | | |
| ACCOUNT NO. 630246<br>**Bayside Recover Service**<br>26148 Capital Dr Ste K<br>Daphne, AL 36526-9123 | | W | 2008;<br>Collection account for Catskill Mountain | | | | 963.00 |
| ACCOUNT NO. 412174243650<br>**Cap One**<br>PO Box 5155<br>Norcross, GA 30091-5155 | | H | 2008;<br>Credit card purchases<br>NAN14620<br>DC-001631-08 | | | | 2,403.00 |

__4__ continuation sheets attached

Subtotal (Total of this page) $ 4,566.00

Total
(Use only on last page of the completed Schedule F. Report also on the Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) $

# Exhibit B

B10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT District of New Jersey | PROOF OF CLAIM |
|---|---|

| Name of Debtor: Frank A. Fulmer<br>Andrea M. Fulmer | Case Number: 09-41605 |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Mail Claim To:
Clerk, U.S. Bankruptcy Court
U.S. Bankruptcy Court
401 Market Street
Camden, NJ 08102

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Bayside Recover Service

Name and address where notices should be sent:
Bayside Recover Service
26148 Capital Dr Ste K
Daphne, AL 36526-9123

Telephone number: 800-557-0011

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above):
BAYSIDE REC. SVC.
P.O. BOX 2587
DAPHNE, AL 36526
Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. Amount of Claim as of Date Case Filed: $1,926.00

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. Basis for Claim: Dues
(See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: 0246
    3a. Debtor may have scheduled account as: CATSKILL MTN.
    (See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
Describe:

Value of Property: $_____    Annual Interest Rate _____ %

Amount of arrearage and other charges as of time case filed included in secured claim,
if any: $_____    Basis for perfection: _____

Amount of Secured Claim: $_____    Amount Unsecured: $_____

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

Amount entitled to priority:
$_____

6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

Date: 3-30-10

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. Borey O. Bowell Pres

FOR COURT USE ONLY

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

008558    4300500857508S

# Exhibit C

Frank Marketing Group, Inc.
Catskill Mountain Ranch
538 Mt. Vernon Rd. Wurtsboro, NY 12790



BAYSIDE RECOVERY SERVICES INC
P O BOX 2587
DAPHNE, AL 36526

PHONE   800-557-0011                    FAX   251-447-0755

**Placement Form**

Resort:     Catskill Mountain Ranch & Camping Club

Date Placed: 10-3-03        Membership # ▓▓▓ 0246

Debtor Name: Andrea Martin

Debtor Address: 223 So. Main St.
                Elmer, NJ 08318

Home Phone: ▓▓▓▓▓▓▓      Business Phone(s) His _____
                                          Hers: _____

His Social Security _____      Hers ▓▓▓▓▓▓▓

Date of Contract 9-1-01           Last Payment Date 2003 dues due

Principal: 321.-                  Last Payment Date: _____

Interest Accrued: _____                    04
                                              05
Late Fees: _____                           06
                                              07
Maintenance Dues: _____                    08
                                              09
Total Amount Placed: _____
                                          Title Bal Due 1,926.00
Authorized Representative /signed/

Voice 845-888-4675                          Fax 845-888-0216